GEORGE ALTZHEIMER, ADMINISTRATOR, &c., v. CENTRAL
RAILROAD OF NEW JERSEY AND MARGARET C. M.
O'REILLY.

Submitted July 5, 1907—Decided November 11, 1907.

Where, at the time intestate died from an injury alleged to have
resulted from the wrongful act of defendant railroad company
an action brought within two years was pending for such in-
juries, an action for death, though not brought within such
period, was not barred by limitations under the Death act, which
provides that an action for death may be maintained if brought
within twelve months after the death of such deceased person.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and
REED.

For the plaintiff, *Warren Dixon.*

For the defendant, *William D. Edwards* and *Sherrerd
Depue.*

The opinion of the court was delivered by

REED, J. This action is brought to recover damages for
the death of Theresa Altzheimer by her administrator under
the Death act. The death occurred more than two years after
the accident. To the declaration a special pleading was inter-
posed setting up that the cause for action occurred more than
two years before the bringing of the suit in question, and
therefore was barred by the statute because, at the time of the
beginning of such suit by the administrator, the deceased, if
living, could not have maintained her action.

The replication to this plea set forth that at the time of
the death of said deceased there was an action pending for
the recovery of damages for the injuries from which decedent
died, which said action thus pending had been brought within

two years after the said injuries were received. To this replication a demurrer was filed.

The act under which the suit is brought provides that whenever the death of a person shall be caused by the wrongful act or neglect of another, and the act, neglect, &c., is such as would, if death had not ensued, have entitled the person injured to maintain an action, then, and in every such case, the person who would have been liable if death had not ensued, shall be liable notwithstanding the death, &c. It then further provides that every such action shall be commenced within twelve calendar months after the death of such deceased person. *Gen. Stat., p.* 1188.

The question raised by the pleadings is that the facts stated show that the insistence of the defendant is that at the time of the death of Theresa Altzheimer the company was not liable to an action for the injury which she had received, because the action was barred by the statute of limitations, therefore that the condition upon which the action under the Death act is permitted did not exist.

In support of this view, the opinion of the Canada Supreme Court, reported in *Canadian Pacific Railroad Co.* v. *Robinson, 19 Can. Sup. Ct.* 292, was invoked. In that case, under an act similar to ours, it was held that where an action for injury was barred at the time of the death resulting from the injury, no suit could be brought for the death.

The correctness of this position need not be decided in this case, for the reason that the replication sets out that at the time of the death of the plaintiff's intestate there was an action pending to recover damages for the injury from which she died.

If that be so, it is impossible to see how it can be said that, by reason of the statute of limitations, the company would not have been liable for the injuries if death had not ensued.

There should be judgment for the plaintiff on the demurrer.