[No. 12985.    Department Two.    August 25, 1916.]

Lucy G. Brodie *et al.*, *Appellants*, v. Washington Water Power Company, *Respondent.*[1]

Death—Action for Wrongful Death—Defenses—Satisfaction or Release—Statutes. A release and satisfaction by the person injured of his right of action for the injuries sustained, bars the right of the beneficiaries to maintain an action for damages for wrongful death under either Rem. 1915 Code, § 194, providing that actions for personal injuries causing death shall not abate but may be prosecuted by a wife or child of the deceased, which is a survival statute, or Id., § 183, providing that an action for damages may be maintained by heirs or representatives for wrongful death; notwithstanding the two acts create distinct causes of action.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 6, 1915, upon overruling a demurrer to the affirmative defense, dismissing an action for wrongful death.    Affirmed.

*Robertson & Miller, Hibschman & Dill,* and *C. H. White,* for appellants.

*Post, Avery & Higgins,* for respondent.

Per Curiam.—On November 28, 1909, A. C. Brodie, while a passenger on a street car of the Washington Water Power Company, was injured as the result of a collision occurring between the car upon which he was riding and another car of

[1]Reported in 159 Pac. 791.

the company.   Later on he made a claim upon the company
for damages based on the injuries received.   The company
thereafter settled with him, paying him $2,500, and taking
a release from him in which he acknowledged full payment
and satisfaction of any and all claims and demands which
he then had against the company, or which he might there-
after have, by reason of the injuries received by him in the
collision.   On December 31, 1910, Brodie died, and the pres-
ent action was instituted by his widow and children to re-
cover for his death.   In the complaint it was alleged that
the death was the result of the injuries received in the col-
lision, and that the collision was caused by the negligence of
the company.   To the complaint, the company set up the
settlement and satisfaction as an affirmative defense.   A
demurrer was interposed to the defense, which the trial court
overruled.   The plaintiffs thereupon elected to stand upon
the demurrer and refused to plead further, whereupon the
court entered judgment to the effect that the plaintiffs take
nothing by their action.   This is an appeal from the judg-
ment entered.

The statutes of this state relating to actions for death by
wrongful or negligent act provide for two causes of action.
By § 194 of the Code (Rem. 1915 Code), it is provided:

"No action for a personal injury to any person occasion-
ing his death shall abate, nor shall such right of action de-
termine, by reason of such death, if he have a wife or child
living,   .   .   .   but such action may be prosecuted, or com-
menced and prosecuted, in favor of such wife or in favor of
the wife and children,   .   .   ."

By § 183 it is provided:

"When the death of a person is caused by the wrongful
act or neglect of another, his heirs or representatives may
maintain an action for damages against the person causing
the death.   .   .   .   In every such action the jury may give
such damages, as under all circumstances of the case may
to them seem just."

The statutes were enacted to overcome defects thought to exist in the common law. By the common law no person had the right to recover for the death of another, no matter how wrongfully or negligently caused, and the right of action possessed by a person injured did not survive his own life. The first section of the statute cited is plainly a survival statute. Its purpose is to preserve in the beneficiaries named therein such right of action as the injured person himself had because of the wrongful or negligent act causing the injury, and is confined to such personal loss as the injured person sustained. The second, although originating in the same wrongful act or neglect, begins where the other ends and is confined to such loss and damage as the beneficiaries named have suffered by the death of the person injured. *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795; *Thompson v. Seattle, Renton & S. R. Co.*, 71 Wash. 436, 128 Pac. 1070.

But notwithstanding the seeming separate nature of the two causes of action, the courts hold with substantial unanimity that a release and satisfaction by the person injured of his right of action for the injury bars the right in the beneficiaries to maintain an action for his death occasioned by the injury. Thus Tiffany, in his work, Death by Wrongful Act (2d ed.), § 124, states the prevailing rule as follows:

"If the deceased, in his lifetime, has done anything that would operate as a bar to recovery by him of damages for the personal injury, this will operate equally as a bar in an action by his personal representatives for his death. Thus, a release by the party injured of his right of action, or a recovery of damages by him for the injury, is a complete defense in the statutory action."

The cases, however, are not unanimous. The contrary view has been maintained with great force, and seemingly with much logic, especially under statutes like our own which create two separate causes of action.

But we need not pursue the inquiry. The arguments for and against the proposition, with a collation of the authori-

ties, will be found in the opinions of the court and in the opinions of the dissenting judges in the cases of *Southern Bell Tel. & Tel. Co. v. Cassin*, 111 Ga. 575, 36 S. E. 881, 50 L. R. A. 694, and *Rowe v. Richards*, 35 S. D. 201, 151 N. W. 1001, the first of which maintains, and the second of which denies, the rule.

It is the opinion of the majority of this court that the better reason is with the cases holding with the affirmative. This view requires an affirmance of the judgment of the court below, and it is so ordered.