[No. 23770. Department One. November 15, 1932.]

CORA B. CALHOUN, *as Administratrix, Appellant,* v. WASHINGTON VENEER COMPANY, *Respondent.*[1]

[1]Reported in 15 P. (2d) 943.

*Smith & Davies,* for appellant.

*Thos. L. O'Leary,* for respondent.

HOLCOMB, J.—This action was originally begun in September, 1931, by Claude Calhoun. In his complaint, he alleged that at all times mentioned therein, respondent owned, managed and operated a large veneer manufacturing plant at Olympia, Washington, in which plant it manufactured veneer lumber, in the manufacturing of which it used large quantities of glue; that, in its mill, it maintained a workshop where machinery was used and manual labor employed by way of trade for purposes of gain, within an enclosed room, in which room it operated and conducted a glue mixing department where machines, or mixers, were used in mixing the ingredients entering into the composition of glue; that, in the mixing of the glue, large quantities of carbon bisulphide were used; that it was necessary to heat the same, and that large quantities of gases and vapors exuded from the mixture, particularly carbon bisulphide gases, which permeated the air in the entire enclosed room, and in the entire room in close proximity to the room.

That he, at the instance and request of respondent, as its employee, from on or about April 20, 1926, to November 17, 1928, at the order and direction of respondent, during all that period worked in its veneer plant in and about and in close proximity to the room where the glue was manufactured, and during all that time inhaled through his skin and respiratory organs large quantities of carbon bisulphide gases and vapors; that, as a result of inhaling such poisonous gases, he received, on November 17, 1928, a severe and permanent case of carbon bisulphide poisoning.

That his poisoning was due to the carelessness and negligence of respondent, in that it carelessly and neg-

ligently failed to provide proper ventilation in the room and in the veneer mill in close proximity to the room where he had been working; that, during all of the time he was working, respondent knew of the dangerous and poisonous character of the gases which caused his poisoning, or would have known of it by the exercise of ordinary care and caution on its part; and carelessly and negligently failed and neglected to notify him of the dangerous character of the gases, and carelessly and negligently failed to instruct. him how and in what manner he could protect himself against the same; that he did not know of the dangerous character of the gases until long after November 17, 1928.

Claude Calhoun died on October 17, 1931. Thereafter, this appellant was appointed administratrix of his estate, upon which it was necessary to have her substituted as plaintiff in the case and necessitated amending the complaint so as to allege it and prove her appointment as administratrix, and to allege and prove that Claude Calhoun left surviving him some person as his beneficiary at the time of his death.

An amended complaint was filed by her as executrix of the estate. In the amended complaint, the same charges of negligence on the part of respondent are set out as were set out in the original complaint, except that it is somewhat more specific; and it is further alleged that Claude Calhoun died on October 17, 1931, and that his death was due to the carbon bisulphide poisoning which he received on November 17, 1928. She also alleged and claimed damages by reason of funeral expenses and loss of support from the time of his death during his expectancy.

Respondent demurred to the original complaint, and also to the amended complaint.

In both demurrers, respondent urged five statutory grounds, among which were that several causes of action have been improperly united, that the complaint does not state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law.

The trial court never had an opportunity to pass upon the demurrer to the original complaint, but sustained the demurrer to the amended complaint without specifying any ground therefor, upon which, respondent refusing to plead further, the action was dismissed. This appeal is taken from the judgment of dismissal.

Appellant asserts that there is only one question involved in this appeal which is: Has the statute of limitations run against the cause of action set out in the complaint?

Paragraphs 3, 4 and 5 of the amended complaint, on which chief reliance is based by appellant, read:

"(3) That the said defendant at all times herein mentioned owned, managed and operated a veneer manufacturing plant at Olympia, Thurston County, Washington in which said plant the defendant manufactured veneer lumber and in manufacturing said veneer lumber the defendant used large quantities of glue; that in said veneer mill the defendant maintained a large enclosed room or work shop where machinery and manual labor were employed and used in mixing the several ingredients entering into the composition of glue; that in the mixing of said glue large quantities of carbon bisulphide were used; that the other ingredients entering into said glue are unknown to the plaintiff; that in the mixing and manufacture of said glue it was necessary to heat the same and large and dangerous quantities of gases and vapors and dust issued from the heating mixture, particularly carbon bisulphide gases and permeated the air of the entire enclosed room and the entire veneer mill in close proximity to said room; that the said defendant also main-

tained a dryer in close proximity to said room and in said dryer dried large quantities of lumber upon which glue had been used in the manufacture of said lumber and large and dangerous quantities of carbon bisulphide gases issued from the lumber being dried in said dryer as aforesaid and permeated the air in, about and surrounding said dryer, making and causing said room and said dryer to be dangerous and unsafe for men working in or about the same.

"(4) That the said Claude Calhoun at the instance and request of the defendant was an employee of the defendant and worked for the defendant in and about said glue room from on or about April 20, 1926 until on or about the middle of May, 1928 and from about the middle of May, 1928 said Claude Calhoun at the instance and request of the defendant worked in said veneer plant in and about said dryer and in close proximity to said glue room until the 17th day of November, 1928 and during all of said time the said Claude Calhoun was working for the defendant as aforesaid, in, about and in close proximity to said room and dryer, inhaling through his skin and respiratory organs large quantities of said gases, vapors, dust and impurities and particularly carbon bisulphide gases and vapors; that as a result of inhaling said poisonous gases by said Claude Calhoun, he received, on or about November 17, 1928, a severe and permanent case of carbon bisulphide poisoning; from which he died on or about the 17th day of October, 1931 as aforesaid.

"(5) That the said poisoning of the said Claude Calhoun by said gases, vapors and dust as aforesaid was wholly and entirely due to the carelessness and negligence of the defendant in this: That the defendant failed to provide said glue room where said glue was manufactured and said dryer where said lumber was dried with good and sufficient or any ventilation so as to carry off and render harmless said poisonous gases, vapors, dust and impurities generated in the course of the process carried on therein as aforesaid; that the defendant carelessly and negligently failed and neglected to provide the said enclosed room and said dryer with ventilators, conveyors and flues or

make any provision to carry off said gases, vapors, dust and impurities or to render the same harmless as far as possible; that the defendant during all of said time knew of the dangerous and poisonous character of said gases, vapors, dust and impurities or would have known of the same by the exercise of ordinary care and caution on its part and carelessly and negligently failed and neglected to notify the said Claude Calhoun of the dangerous character of said gases, vapors, dust and impurities and carelessly and negligently failed and neglected to instruct the said Claude Calhoun how or in what manner he could protect himself against the same; that the said Claude Calhoun did not know of the dangerous character of said gases, vapors, dust and impurities until long after the said 17th day of November, 1928.''

Appellant declares that her cause of action is purely one under the common law, based upon a breach of the master's duty to exercise ordinary care in furnishing the servant with a reasonably safe place in which to work. It is asserted that there are two grounds of negligence charged: Failure to ventilate the place of work so as to render the poisonous gases generated therein harmless; and failure to warn and instruct the servant against the hidden and unknown dangers of these poisonous gases.

It is argued, and cases are cited to sustain the contention from several states, that, where similar causes of action to that alleged by appellant have been before the courts, they have uniformly held that facts similar to those here alleged, constitute a breach of duty by the master under the common law, and have allowed the servant receiving injury under similar conditions a recovery against the master.

*Zajkowski v. American Steel & Wire Co.*, 258 Fed. 9, a case largely relied upon by appellant, arose in Ohio. In that case, the Federal trial court had dismissed the action on the ground that the workmen's

compensation act of Ohio gave to defendant immunity from any right of action that might otherwise have accrued to plaintiff under the facts alleged in his petition. The appellate court examined the industrial insurance act, another act relating to occupational diseases, and certain decisions of the supreme court of Ohio, and quoted from a decision *(American Woodenware Mfg. Co. v. Schorling*, 96 Ohio 305, 117 N. E. 366, Ann. Cas. 1917D 318) :

"There is nothing in the Industrial Commission Act which indicates an intention of the legislature to enlarge or diminish the rights of employes and employers under the compensation act, which had then recently been passed."

The circuit court of appeals therefore held that it was error to deny a right of recovery brought under the common law and the provisions of the other Ohio statute for recovery for occupational disease alleged to have been caused by the employer without fault of the employee.

In this state, we have a different situation. We have the industrial insurance or workmen's compensation act, in which it is provided:

". . . that all phases of the premises are withdrawn from private controversy, . . . and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Rem. Comp. Stat., § 7673.

Rem. Comp. Stat., § 7674, prescribes that "extrahazardous" wherever used in the act includes "factories, mills and workshops where machinery is used."

We have, also, the factory act, Rem. Comp. Stat., § 7659, the effect of which was determined in *Depre v. Pacific Coast Forge Co.*, 151 Wash. 430, 276 Pac. 89,

and in *Pellerin v. Washington Veneer Co.*, 163 Wash. 555, 2 P. (2d) 658.

It is plain that the deceased in this case, his injury having been occupational, would not have been within the terms of the industrial insurance act as construed in the *Pellerin* case, *supra*. It is also obvious that appellant attempted to state a cause of action under the factory act, *supra*. To do that successfully, it was necessary that the injuries complained of be sustained by reason of confinement and employment in the enclosed glue room, a room not properly ventilated in violation of the factory act. Under the allegations of paragraph 4 that Claude Calhoun worked for respondent in and about the glue room from on or about April 20, 1926, until on or about the middle of May, 1928, and from the middle of May, 1928, worked in another room, not alleged to have been improperly ventilated in violation of the factory act, until November 17, 1928, it is manifest that any injuries received from violation of the factory act by respondent, culminated and accrued about the middle of May, 1928. His action was not commenced until September, 1931, which was more than three years after the injuries accrued under the factory act, and would have been barred by the provisions of Rem. Comp. Stat., § 159.

An examination of the cases from several states, cited by appellant, discloses that they were all decided before any of them had an industrial compensation or insurance act.

See United States Bureau of Labor Statistics, No. 423, pp. 105, 272 and 335.

We are convinced that appellant cannot maintain a cause of action for damages to Claude Calhoun in this state as a common law action. Here, in the condition of the law at the time, he was entitled to recover, if at all, only under the factory act. His action not having

been commenced within three years after the middle of May, 1928, was not commenced within the time limited by law.

As to the causes of action set up on behalf of appellant in the amended complaint for wrongful death and to recover funeral expenses which, of course, had not accrued at the time the original complaint was filed herein, while she is entitled to recover such damages under the provisions of Rem. Comp. Stat., §§ 183-1, 194, and Laws of 1927, chap. 156, p. 143 (Rem. 1927 Sup., § 194), if her action was begun within the time limited by law, it is clear that these causes of action were first introduced into the action in her amended complaint. Her amended complaint was served December 3, 1931, and filed December 21, 1931.

As we have heretofore determined, the cause of action accruing to Claude Calhoun under the factory act necessarily accrued about the middle of May, 1928. Appellant did not have a cause of action against respondent because of the death of her husband, but because of the negligence of respondent. The negligence was the cause; the death was the result. Under the statute, the claim for damages accrued, if at all, at the time of the injury to Claude Calhoun. *Horner v. Pierce County,* 111 Wash. 386, 191 Pac. 396, 14 A. L. R. 707. See, also, 17 R. C. L. 764 and 765; *Shaw v. Rogers & Rogers,* 117 Wash. 161, 200 Pac. 1090; *Flynn v. New York, New Haven & Hartford R. Co.,* 283 U. S. 53, 72 A. L. R. 1311.

From these considerations, we are compelled to conclude that both causes of action set up in the amended complaint were barred by the provisions of § 159, *supra.*

The judgment is therefore affirmed.

TOLMAN, C. J., PARKER, MILLARD, and HERMAN, JJ., concur.