[No. 25438. Department Two. April 24, 1935.]
DOROTHY GRANT, *as Administratrix, Appellant,* v.
FISHER FLOURING MILLS COMPANY,
*Respondent.*[1]

*Wm. Phelps Totten, Eimon L. Wienir,* and *Sam L. Levinson,* for appellant.

*Ralph S. Pierce, Edwin J. Cummins, Gordon H. Sweany,* and *Venables, Graham & Howe,* for respondent.

BLAKE, J.—Plaintiff is the widow of Tom Grant and administratrix of his estate. In June, 1926, Tom Grant

[1]Reported in 44 P. (2d) 193.

entered the employ of defendant as a miller and utility man in one of its flour mills. He continued in that service until July 26, 1930, when he was forced to quit work because of ill health.

On August 19, 1932, he commenced an action in the superior court of King county against the defendant, alleging that his ill health resulted from exposure to nitric acid and chlorine gas fumes while employed by defendant. He alleged that he had been required to work in an improperly ventilated room, where these gases were used for the purpose of bleaching flour.

On August 17, 1933, while the action was pending, Grant died. Plaintiff was appointed administratrix of his estate and was substituted as party plaintiff in the action. She filed an amended complaint, setting up two causes of action: (1) Survival action under Rem. Rev. Stat., § 194 [P. C. § 8275]; (2) an action for wrongful death under Rem. Rev. Stat., § 183 [P. C. § 8259]. The defendant demurred to each cause of action. The demurrer to the second cause of action was sustained.

Plaintiff thereafter filed an amended complaint, setting up only the survival action. Defendant answered, setting up, by way of affirmative defense, the statute of limitations. At the close of plaintiff's case, defendant interposed a motion for nonsuit, on the ground that plaintiff had not made out a case of negligence and that the statute of limitations had run against the action. The court sustained the motion solely on the latter ground, and dismissed the action. Plaintiff appeals, assigning as error: (1) The sustaining of the demurrer to the action for wrongful death; (2) granting of the motion for nonsuit.

The appeal presents only the question as to whether the statute of limitations had run against each of the causes of action. We shall, therefore, discuss the evi-

dence only to the extent necessary to dispose of that question. We shall discuss it, first, with respect to the survival action and the order of nonsuit, and second, with respect to the wrongful death action and the order sustaining the demurrer.

■ As we have said, Grant started to work for respondent in June, 1926. In October, 1928, he laid off for a few days on account of what was diagnosed to be asthma. For two years thereafter, he was under treatment for that ailment by the physician who made the diagnosis. In the meantime, he laid off work on two or three different occasions. In December, 1929, his condition was so bad that he laid off three weeks. He went back to work in January and worked until July 26, 1930, when his condition became such that he could not work at all. He died August 17, 1933.

It is conceded the three year statute of limitations (Rem. Rev. Stat., §§ 155, 159 [P. C. §§ 8160, 8166]) applies. The question is: When did Grant's cause of action accrue? In a similar action for damages, this court held that the statute of limitations commenced to run at the time the workman finally ceased the work in pursuance of which he was exposed to the gas causing the injury. *Calhoun v. Washington Veneer Co.*, 170 Wash. 152, 15 P. (2d) 943. It is appellant's contention that, under the rule there stated, the statute of limitations commenced to run against Grant's cause of action on July 26, 1930—the last day he worked. It is respondent's contention that Grant's cause of action *accrued* when symptoms of injury first manifested themselves, namely, in the latter part of 1928; that respondent was chargeable with negligence, if at all, as of that time.

We cannot accept completely the theory of either side. The cases cited by each give little aid, because of the variant states of fact upon which they were

decided. None is sufficiently apposite to call for analysis. We are compelled, therefore, to revert to fundamental principles for an answer to the question.

The wrong upon which Grant predicated his claim for damages was a violation of the factory act, in the failure of respondent to provide proper ventilation of the room wherein the gases were used and inadequate appliances to carry off the fumes. Assuming, for the purposes of our discussion, that respondent was negligent in this respect, it was negligence which continued from day to day throughout the time of Grant's employment. Such a violation of the factory act constitutes a continuing wrong so long as it remains uncorrected. It gives rise to a cause of action from day to day to anyone who can show that he has sustained injury because of it. Of course, if it can be shown that the injury culminated at any particular time, the statute of limitations would doubtless begin to run as of that time. This is the substance of the holding in *Calhoun v. Washington Veneer Co., supra.*

But, under the evidence in the instant case, it cannot be said that Grant's injury culminated at any particular time. The evidence tends to show that the injurious effects of exposure to nitric acid and chlorine gases are cumulative; that one may be exposed to them until symptoms of injury appear; that such symptoms will not only disappear upon change of occupation, but complete recovery may be effected. But the evidence also tends to show that, under continued exposure to the fumes, a time comes when the cellular tissues of the lungs are injured beyond repair. The evidence further shows that a post mortem autopsy was made. It was found that the cellular tissue of Grant's lungs had been injured and destroyed to an extent sufficient to bring about his death. There was also evidence tending to show that the condition of his lungs was, in all

reasonable probability, attributable to the inhalation of nitric acid and chlorine gas fumes over a considerable period; that such condition, if not brought about during the last six months Grant worked for respondent, was aggravated during that period to such a degree as to ultimately cause his death.

Under this evidence, it cannot be said that Grant's injury culminated in 1928. Doubtless at that time a condition had developed for which he might have maintained an action could he have shown it to be the proximate result of negligence on the part of respondent. But the injury at that time had not culminated in a condition which would preclude his recovery of damages for an aggravation of it by subsequent exposure to the gases occasioned by continued negligence on the part of respondent. All the while, he was being subjected to a continuing, increasing injury, which he alleged to be the proximate result of respondent's continuing negligence. It seems clear to us that, for such kind of injury, based on such kind of negligence, damages are recoverable for injuries sustained as the result of such negligence for the period of three years prior to the commencement of the action. In this case, that would be August 19, 1929. So, as to the survival action, we hold that appellant would be entitled to recover damages for such injuries as Grant sustained as the proximate result of respondent's negligence subsequent to that date.

■ The action for wrongful death, under Rem. Rev. Stat., § 183 [P. C. § 8259] is a distinct and separate action from the survival action, under Id. § 194 [P. C. § 8275]. *Brodie v. Washington Water Power Co.*, 92 Wash. 574, 159 Pac. 791. In accord with the great weight of authority, this court has held that the action accrues at the time of death, and that the statute of limitations then begins to run. *Dodson v. Con-*

*tinental Can Co.,* 159 Wash. 589, 294 Pac. 265; *Reading Co. v. Koons,* 271 U. S. 58, 46 S. Ct. 405; *Baltimore & Ohio S. W. R. Co. v. Carroll,* 280 U. S. 491, 50 S. Ct. 182.

The rule, however, is subject to a well recognized limitation, namely, at the time of death there must be a subsisting cause of action in the deceased. Tiffany, Death by Wrongful Act (2d ed.) § 124. Under this limitation, it has been held that the action for wrongful death is extinguished by an effective release executed by the deceased in his lifetime (*Brodie v. Washington Water Power Co., supra; Mellon v. Goodyear,* 277 U. S. 335, 48 S. Ct. 541); by a judgment in his favor rendered during his life time (*Littlewood v. Mayor etc. of N. Y.,* 89 N. Y. 24, 42 Am. Rep. 271; *Hecht v. The Ohio & Mississippi R. Co.,* 132 Ind. 507, 32 N. E. 302); by the failure of the deceased to bring an action for injuries within the period of limitation (*Flynn v. New York, N. H. & H. R. Co.,* 283 U. S. 53, 51 S. Ct. 357, 72 A. L. R. 1311).

In this latter class falls the case of *Calhoun v. Washington Veneer Co., supra.* Respondent contends that this case lays down the rule that the action for wrongful death accrues when the deceased person sustained injury through the negligence of the party charged. There is language in the opinion susceptible of that construction, but to so construe the decision brings it in direct conflict with the case of *Dodson v. Continental Can Co., supra.* In view of the facts in the *Calhoun* case, we think that decision can, and should, be so interpreted as to avoid conflict with the decision in the *Dodson* case.

In the *Calhoun* case, the court held that his action for personal injuries *accrued* about the middle of May, 1928—the time when he ceased to be exposed to the poisonous gas. Of necessity, his injury culminated,

and the defendant's negligence terminated, at that time. Undoubtedly, his cause of action was then accrued. He brought an action in September, 1931. He died pending the action. Obviously, at the time of his death there was no valid action subsisting in his favor, because the statute of limitations had run against it. The case falls squarely within the rule of *Flynn v. New York, N. H. & H. R. Co., supra.* The only difference between the two cases is that Flynn died without bringing an action for personal injuries, after the statute of limitations had run.

The instant case presents an entirely different problem. Here, Grant brought his action for personal injuries within the time prescribed by the statute of limitations. While he died more than three years after his cause of action accrued, he left a valid subsisting cause of action. Under these circumstances, we think there is no question but what the action for wrongful death can be maintained. *Altzheimer v. Central R. Co.,* 75 N. J. L. 424, 67 Atl. 1051. See, also: *Knabe v. Hudson Bus Transp. Co.,* 111 N. J. L. 333, 168 Atl. 418.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views here expressed.

MILLARD, C. J., MITCHELL, and STEINERT, JJ., concur.

HOLCOMB, J., concurs in the result.