[No. 33360. Department Two. November 3, 1955.]

MILO E. RISTE, *Appellant*, v. GENERAL ELECTRIC COMPANY *et al.*, *Respondents*.

CURTIS T. SWEARINGEN, *Appellant*, v. GENERAL ELECTRIC COMPANY *et al.*, *Respondents*.[1]

[1]Reported in 289 P. (2d) 338.

*Critchlow & Williams*, for appellants.

*Gavin, Robinson & Kendrick*, for respondents.

MALLERY, J.—These are indistinguishable cases that have been consolidated upon appeal. Only one need be discussed. It will be the Riste case.

A demurrer was sustained to the second amended complaint upon the grounds that the statute of limitations had run; that it did not state facts sufficient to constitute a cause of action; and that several causes of action were improperly united.

Appellant was employed as a chemical utility operator by the respondent General Electric Company, hereinafter called the company, for several years prior to his quitting on August 1, 1953. The company maintained an industrial medical service in charge of its agent, respondent Dr. Phillip Fuqua. The appellant was physically examined on April 20, 1949, and August 8, 1950, when X rays were taken which revealed active tuberculosis in his right lung. After each of the physical examinations, the company notified appellant in writing that there was nothing seriously wrong with him. The appellant did not know he had tuberculosis. The company, knowing he had tuberculosis, assigned him to tasks involving physical exertion, which worsened his tuberculosis and caused it to infiltrate two segments of his right lung. Hospitalization and surgery became necessary. The fair intendment of the allegations in the second amended complaint, is that the physical exertion entailed in the labor to which appellant was assigned by the company, *aggravated* his existing tuberculosis. The appellant does not seek damages for the original disease, but only for the aggravation of it.

These allegations bring the cause of action within the purview of the rule that it is negligence for an employer to knowingly assign an employee to work which is beyond his physical capacity to safely perform, and the employer is liable for any injuries proximately caused thereby in the absence of an assumption of risk or contributory negligence.

See 175 A. L. R. 982. The second amended complaint states a cause of action against the company.

 It is not alleged that the respondent Dr. Phillip Fuqua, the agent of the company, was appellant's physician, owed him any duty of treatment, or assigned him to the task which aggravated his condition. It, therefore, does not state a cause of action for malpractice or the breach of a duty owed him by Dr. Fuqua. Accordingly, the demurrer was properly sustained as to him.

The company contends that the applicable three-year statute of limitations, RCW 4.16.080 [cf. Rem. Rev. Stat. (Sup.), § 159], has run against the cause of action, because the last X ray taken of appellant by the company, was on August 8, 1950.

 The dates of the X rays have no significance other than their bearing upon the company's knowledge of·the existence of the tuberculosis. The physical exertion of appellant's work caused the aggravation of his tuberculosis for which he is suing. The statute of limitations began to run upon the last day of his employment, which was well within three years of the filing of the original complaint. See *Grant v. Fisher Flouring Mills Co.*, 181 Wash. 576, 44 P. (2d) 193.

The judgment is reversed as to the company, and affirmed as to Dr. Phillip Fuqua, in cause No. 8171.

Appellant will recover costs notwithstanding affirmance as to Dr. Phillip Fuqua.

The same ruling, of course, applies to the consolidated companion case, in cause No. 8191.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

January 13, 1956. Petition for rehearing denied.