# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KARIN HILL, as Personal Representative for the Estate of HEINZ GERHARD SCHNEIDER, Deceased, | ) ) ) ) | No. 73960-3-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | |
| | ) | |
| BARTELLS ASBESTOS SETTLEMENT TRUST; BOUTEN CONSTRUCTION COMPANY; COLONIAL SUGAR REFINING COMPANY; GRINNELL LLC (fka GRINNELL CORPORATION, aka GRINNELL FIRE); MAX J. KUNEY COMPANY; NEUPS, INC.; and FIRST DOE through ONE HUNDREDTH DOE; | ) ) ) ) ) ) ) ) ) | UNPUBLISHED<br><br>FILED: November 23, 2015 |
| Respondents. | ) ) | |

Cox, J. – A wrongful death claim does not accrue unless the decedent had "a valid subsisting cause of action" at the time of death.[1] Here, the personal representative of the estate of Heinz Schneider[2] brought a wrongful death claim, alleging that he had died from asbestos related diseases. It is undisputed that the statute of limitations for bringing a personal injury action based on Schneider's exposure to asbestos had expired before his death. Thus, Schneider lacked "a valid subsisting cause of action" and his estate's personal representative may not bring a wrongful death claim. We affirm.

---

[1] Deggs v. Asbestos Corp. Ltd., 188 Wn. App. 495, 497, 354 P.3d 1 (2015).

[2] We grant the motion to substitute Karin Hill as personal representative of the estate.

The material facts are undisputed. Over his lifetime, Schneider was exposed to numerous sources of asbestos. By 2003, doctors had diagnosed him with several asbestos related diseases. These diseases caused his death in 2011.

The personal representative of his estate brought a wrongful death claim against various manufacturers and distributors of products containing asbestos. This included Bouten Construction Company, Grinnell LLC, and Max J. Kuney Company (collectively "defendants").

On summary judgment, defendants argued that the personal representative could not bring a wrongful death claim because Schneider had failed to bring a personal injury claim within three years of discovering his asbestos related diseases. In response, the personal representative argued that a wrongful death claim is independent of a personal injury claim. Thus, according to the personal representative, the statute of limitations for the wrongful death claim began to run when Schneider died.

The trial court granted summary judgment in favor of defendants.

The personal representative appeals.

## WRONGFUL DEATH

The personal representative argues that she may bring a wrongful death claim even though the statute of limitations for a personal injury claim had expired during Schneider's lifetime. We disagree.

Wrongful death is a statutory tort.[3] RCW 4.20.010 provides:

---

[3] RCW 4.20.010.

2

> When the death of a person is caused by the wrongful act, neglect, or default of another his or her personal representative may maintain an action for damages against the person causing the death.

The general three-year statute of limitations applies to wrongful death claims.[4] This statute is silent on whether a personal representative may bring a wrongful death claim when the decedent lacked a valid claim at the time of death.

But in Deggs v. Asbestos Corp. Ltd., this court recently held that a decedent must have "a valid subsisting cause of action" at the time of death for a wrongful death claim to accrue.[5] In that case, Roy Sundberg had "successfully sued several defendants for injuries related to asbestos exposure."[6] After his death, his personal representative "filed a wrongful death action against one of the same defendants from [the previous] lawsuit and several new defendants."[7]

This court determined that Sundberg could not have brought another personal injury claim during his lifetime.[8] To the extent that res judicata did not bar his claims, the statute of limitations barred them.[9]

---

[4] RCW 4.16.080(2); Atchison v. Great Western Malting Co., 161 Wn.2d 372, 377, 166 P.3d 662 (2007).

[5] 188 Wn. App. 495, 497, 354 P.3d 1 (2015).

[6] Id.

[7] Id.

[8] Id. at 500.

[9] Id.

Analyzing Washington case law, this court determined that a "decedent's inaction as to his claims during his lifetime can preempt the accrual of a personal representative's wrongful death cause of action."[10] We relied on three supreme court cases—Calhoun v. Washington Veneer Co.,[11] Grant v. Fisher Flouring Mills Co.,[12] and Johnson v. Ottomeier,[13]— to reach this conclusion.[14]

In Calhoun, the decedent was exposed to harmful fumes.[15] In November 1928, he was diagnosed with bisulphide poisoning as a result of this exposure.[16] Calhoun brought an action in September 1931 but died while his lawsuit was pending.[17] Calhoun's personal representative amended the complaint to add a wrongful death claim.[18]

Calhoun himself would have been able to recover under only the factory act, Rem. Comp. Stat. § 7659.[19] Based on the facts as pleaded, injuries from

---

[10] Id.

[11] 170 Wash. 152, 15 P.2d 943 (1932).

[12] 181 Wash. 576, 44 P.2d 193 (1935).

[13] 45 Wn.2d 419, 275 P.2d 723 (1954).

[14] Deggs, 188 Wn. App. at 501-07.

[15] 170 Wash. at 153.

[16] Id.

[17] Id. at 153-54.

[18] Id. at 154.

[19] Id. at 158.

4

violating this statute accrued in May 1928.[20] Thus, the statute of limitations on his factory act claim expired in May 1931.[21] Because Calhoun did not file his complaint until September 1931, his claims under the factory act were barred.[22]

Additionally, because both the original and the amended complaint were filed after the expiration of the statute of limitations on Calhoun's underlying factory act claims, his personal representative's wrongful death claim was barred.[23]

Calhoun's rationale is not entirely clear. But the supreme court later clarified Calhoun's holding in Grant.

Grant also involved a claim under the factory act.[24] But in that case, Grant brought his claim within the statute of limitations.[25] Grant subsequently died while his action was pending.[26] His personal representative later amended the complaint to add a wrongful death claim.[27]

---

[20] Id. at 159.

[21] Id.

[22] Id.

[23] Id. at 160.

[24] 181 Wash. at 576-77.

[25] Id.

[26] Id. at 577

[27] Id. at 576-77.

The supreme court explained that:

> this court has held that the [wrongful death] action accrues at the time of death, and that the statute of limitations then begins to run. The rule, however, is subject to a well recognized limitation, namely, at the time of death there must be a subsisting cause of action in the deceased. Under this limitation, it has been held that the action for wrongful death is extinguished by an effective release executed by the deceased in his lifetime; by a judgment in his favor rendered during his lifetime; by the failure of the deceased to bring an action for injuries within the period of limitation.[28]

The court determined that <u>Calhoun</u> belonged to the last category of cases in this excerpt. Specifically, he was a deceased who failed to bring an action for injuries within the statute of limitations. Accordingly, that failure extinguished a later cause of action for wrongful death. The court noted, "Obviously, at the time of [Calhoun's] death there was no valid action subsisting in his favor, because the statute of limitations had run against it."[29]

The <u>Grant</u> court went on to distinguish <u>Calhoun</u> from the case before it.[30] Because Grant brought his action for personal injuries within the statute of limitations, he had a valid subsisting cause of action against his employer.[31] Thus, because the estate's personal representative brought the wrongful death action within three years from Grant's death, the action was timely.[32]

---

[28] <u>Id.</u> at 580-81 (citations omitted).

[29] <u>Id.</u> at 582.

[30] <u>Id.</u>

[31] <u>Id.</u>

[32] <u>Id.</u>

Reading these two cases, it is clear that a wrongful death claim accrues at the time of death and the statute of limitations begins to run at that time. But if the decedent lacked a valid subsisting cause of action at the time of death, the wrongful death claim fails to accrue.

The supreme court reaffirmed this interpretation in Johnson. In that case, a husband murdered his wife and then committed suicide.[33] The wife's estate brought a wrongful death claim against the husband's estate.[34] The trial court determined that the wife's estate could not sue the husband's estate because of spousal immunity.[35]

The supreme court reversed, ruling that the spousal disability to sue did not transfer to the estate.[36] In doing so, the court distinguished the case from Calhoun.[37] The court noted that Calhoun belonged to a category of cases:

> in which, after receiving the injuries which later resulted in death, the decedent pursued a course of conduct which makes it inequitable to recognize a cause of action for wrongful death. Among such cases are . . . [Calhoun], as interpreted in [Grant], where the statute of limitations had run prior to decedent's death.[38]

---

[33] Johnson, 45 Wn.2d at 420.

[34] Id.

[35] Id.

[36] Id. at 424.

[37] Id. at 422-23.

[38] Id.

The supreme court determined that this equitable principle did not apply to bar the wife's estate's wrongful death claim.[39]

These cases and Deggs demonstrate that the personal representative of Schneider's estate cannot bring a wrongful death claim. As in Calhoun and Deggs, Schneider's action or inaction during his lifetime extinguished his personal injury claims. Thus, his personal representative's wrongful death claim is barred. Accordingly, the trial court properly granted summary judgment in favor of defendants.

The personal representative argues that Calhoun's holding was limited to the interaction between the factory act, workers' compensation, and wrongful death claims. But while Calhoun is somewhat unclear, Grant and Johnson clarify its holding. As discussed earlier, these cases demonstrate that if the decedent lacks a valid claim for the injury at the time of death, a wrongful death case fails to accrue.

The personal representative argues that Calhoun is no longer good law. Calhoun cited Shaw v. Rogers & Rogers,[40] a case which determined when an injury for failure to insure accrued. The supreme court later overturned Shaw.[41] Thus, the estate argues that Calhoun has also been overturned. Not so.

Calhoun, as interpreted in Grant and Johnson, is not about when a wrongful death claim accrues. Rather, it stands for the proposition that if there is

---

[39] Id. at 424.

[40] 117 Wash. 161, 200 P. 1090 (1921).

[41] Gazija v. Nicholas Jerns Co., 86 Wn.2d. 215, 219, 543 P.2d 338 (1975).

no valid subsisting cause of action at the time of death, a wrongful death claim fails to accrue. Thus, cases about the time of accrual are not material to Calhoun's holding.

The personal representative also argues that White v. Johns-Manville Corporation[42] casts doubt on Calhoun.[43] In that case, the parties stipulated that "the decedent never knew that he was suffering from any adverse effects of exposure to asbestos-containing materials" before his death.[44] Accordingly, the supreme court noted:

> [W]e are not faced with, nor do we decide, a case in which the deceased is alleged by the defendant to have known the cause of the disease which subsequently caused his death. In that case there is a question as to whether the wrongful death action of the deceased's representative 'accrued' at the time of the decedent's death, when the decedent first discovered or should have discovered the injury, or when the claimant first discovered or should have discovered the cause of death.[45]

But, as this court explained in Deggs, the "issue in White was whether the wrongful death cause of action accrued at the time of death or if it accrued later—at the time the decedent's wife discovered or should have discovered the cause of death."[46] Thus, whether the decedent had a valid subsisting cause of

---

[42] 103 Wn.2d 344, 693 P.2d 687 (1985).

[43] Reply Brief of Appellant at 9-10.

[44] White, 103 Wn.2d at 345.

[45] Id. at 347.

[46] Deggs, 188 Wn. App. at 508.

action at the time of death was never at issue. Accordingly, the statement in White on which the estate relies is not persuasive.

Finally, the personal representative also presents policy reasons why the decedent's failure to act should not bar a wrongful death claim. But we are bound by the supreme court's precedent. And the legislature, to our knowledge, has never taken action to change the results of the supreme court cases that we have discussed. Thus, the policy arguments on which the estate relies are unpersuasive.

We affirm the trial court's grant of summary judgment to defendants.

Cox, J.

WE CONCUR:

Leach, J.

Becker, J.