# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RAMONA C. BRANDES, as Personal Representative of the Estate of BARBARA J. BRANDES, | ) ) ) ) | No. 74554-9-I |
| Appellant, | ) ) | |
| v. | ) ) ) | DIVISION ONE |
| BRAND INSULATIONS, INC., CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; PARSONS GOVERNMENT SERCIVES,) INC.; and SABERHAGEN HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | FILED: May 29, 2018 |

MANN, A.C.J. — In general, a wrongful death action accrues at the time of death so long as the deceased had a subsisting cause of action at the time of death. This general rule, however, is subject to exceptions. One exception arises where the deceased, after receiving the injuries that later resulted in death, pursues a course of conduct that makes it inequitable for their heirs to later pursue a cause of action for wrongful death. As our Supreme Court recently affirmed, the inequitable "postinjury

category of extrinsic limitations on the availability of the wrongful death action includes prior litigation, prior settlements, and the lapsing of the statute of limitations." Deggs v. Asbestos Corp., 186 Wn.2d 716, 726, 381 P.3d 32 (2016).

In this case, after being diagnosed with mesothelioma, Barbara Brandes brought a personal injury action against Brand Insulations Inc. (Brand) and other entities. Barbara's action against Brand was converted to a survivorship action after she died during her trial.[1] The jury returned a verdict in favor of the estate. After a judgment was entered, the estate brought the present wrongful death action against Brand, CBS Corporation (CBS), Parsons Government Services (Parsons), and Saberhagen Holdings, Inc.[2] The trial court dismissed the wrongful death action against all the defendants after concluding the claims were extinguished by the prior judgment in the survivorship action.

Because the estate recovered from prior litigation against Brand, we are bound by Deggs and affirm the trial court's dismissal of the wrongful death action against Brand. However, because they were not parties to the estate's prior litigation, we reverse the trial court's dismissal of the wrongful death action against Parsons and CBS and remand for further proceedings.

## FACTS

Barbara Brandes was diagnosed with mesothelioma on June 16, 2014, at the age of 79. In August 2014, she filed a complaint for personal injuries against multiple

---

[1] Because there are two parties with the name "Brandes" in this case, and because of the similarity of opposing parties' names, Brand and Brandes, we refer to Barbara by her first name. No disrespect is intended.

[2] Saberhagen was dismissed as a party to this appeal on February 14, 2017.

defendants, including Brand. Barbara alleged that Brand negligently sold and installed asbestos thermal insulation products at the Atlantic Richfield Cherry Point refinery where her husband worked, causing her to sustain "take home" exposure to asbestos fibers in Brand's product. Barbara's 2014 complaint did not name CBS, Parsons, or Saberhagen.

A trial began on April 6, 2015. By the second day of trial, Barbara had settled with all defendants except Brand for a total of $1,965,710.76. In each settlement, Barbara specifically released the defendant from all claims arising out of her present personal injury claim as well as any future wrongful death claims. Thirteen days into the trial, Barbara died. The next day was to be the final day of trial, including the final presentation of Brand's evidence and closing arguments.

The trial court granted plaintiff's motion to substitute Barbara's daughter, Ramona Brandes, as personal representative of her mother's estate, and authorized continuation of the trial as a survivorship action for Barbara's personal injury claims. The parties agreed to inform the jurors of Barbara's death, and to eliminate any instructions for Barbara's future damages. The estate confirmed that it was not seeking to add any new claims or evidence, confirming it was not pursuing any potential wrongful death claims at that time.

Following a day of deliberation the jury returned a verdict for the plaintiff, and awarded the estate $3,500,000 in non-economic damages. Brand filed a motion for a new trial, or in the alternative, a remittitur. The trial court granted remittitur, reducing the jury's verdict from $3,500,000 to $2,500,000. The trial court then allocated 20 percent of the settlement proceeds to the future wrongful death claims and reduced the

judgment against Brand by 80 percent in consideration of payments received from the settling defendants. After offsetting the balance of the settlement proceeds from the damages award, the estate was awarded a net judgment of $927,431.39 against Brand. The judgment was entered on June 19, 2015.

Both parties appealed. In an unpublished decision, this court affirmed the jury's verdict but reversed the remittitur, and remanded for "the trial court to reinstate the jury's verdict and damages award." See Estate of Brandes v. Brand Insulations, Inc., No. 73748-1-I, slip op. at 23 (Wash Ct. App. Jan. 23, 2017) (unpublished), http:www.courts.wa.gov/opinions/pdf/737481.pdf.

On July 22, 2015, Ramona Brandes, acting as personal representative of Barbara's estate, filed a complaint for wrongful death against Brand, CBS, Parsons, and Saberhagen on behalf of Barbara's eight children. The estate sought economic damages for lost financial support and non-economic damages for the loss of their parental relationship and consortium with their mother.

On November 3, 2015, Brand filed a motion to dismiss under CR 12(b)(6), and defendants Parsons and Saberhagen joined. Brand argued that under this court's holding in Deggs v. Asbestos Corp., 188 Wn. App. 495, 354 P.3d 1 (2015), the wrongful death claims were extinguished by the judgment entered in Barbara's personal injury action against Brand.

The trial court granted the motion to dismiss on December 16, 2015. The estate filed a "corrected order" requesting that the order be amended to explicitly state it applied to all defendants. CBS filed a notice of non-opposition to the proposed

-4-

corrected order. On January 6, 2016, the court entered the corrected order stating that the action was dismissed against all defendants.

The estate appealed. We granted a stay of the appeal pending our Supreme Court's decision in Deggs, which was released on October 6, 2016. The appeal was reinstated.

## ANALYSIS

### Standard of Review

A trial court's ruling to dismiss a claim under CR 12(b)(6) is reviewed de novo. Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Under CR 12(b)(6), a complaint can be dismissed if it fails to state a claim upon which relief can be granted. "The court presumes all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims." Kinney, 159 Wn.2d at 842. "Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.'" Kinney, 159 Wn.2d at 842 (quoting Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)). CR 12(b)(6) motions should be granted "sparingly and with care." Orwick v. City of Seattle, 103 Wn.2d 249, 254, 692 P.2d 793 (1984) (internal quotations omitted).

### Limitations on Wrongful Death Actions

The estate argues that under the plain language of the statute, a wrongful death action is a new and distinct cause of action solely for the benefit of a decedent's heirs, thus it is unaffected by the prior judgment on the estate's survivorship action based on Barbara's personal injury claim. While we agree that the language of the wrongful

death act creates a separate cause of action on behalf of the statutory beneficiaries, we cannot agree that the judgment in the estate's survival action against Brandes had no effect on the estate's wrongful death claim.[3]

Washington's special survival statute, RCW 4.20.060, allows the executor or administrator of an estate "to recover for the decedent's damages, including any pain and suffering between the time of the injury and the time of death." Bowers v. Fibreboard Corp., 66 Wn. App. 454, 460, 832 P.2d 523 (1992). "Unlike Washington's wrongful death statutes, the survival statutes do not create new cause of action for statutorily named beneficiaries but instead preserve causes of action for injuries suffered prior to death." Otani ex rel. Shigaki v. Broudy, 151 Wn.2d 750, 755, 92 P.3d 192 (2004).

In contrast to a survival action, Washington's wrongful death statutes, RCW 4.20.010 and RCW 4.20.020, create a cause of action for the statutory beneficiaries of the deceased. Broudy, 151 Wn.2d at 755. The wrongful death statute provides, "[w]hen the death of a person is caused by the wrongful act, neglect, or default of another his or her personal representative may maintain an action for damages against the person causing the death." RCW 4.20.010. The distinguishing characteristic between a wrongful death claim and a survival action is "that the wrongful death statutes govern postdeath damages of the deceased and the survival statutes govern predeath damages." Broudy, 151 Wn.2d at 755. "[T]he action for wrongful death is

---

[3] The beneficiaries of the special survival statute and the beneficiaries of the wrongful death statute are essentially the same. Compare RCW 4.20.020, holding the "action shall be for the benefit of the wife, husband, state registered domestic partner, child or children, including stepchildren," (emphasis added) with RCW 4.20.060 "No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse, state registered domestic partner, or child living, including stepchildren." (Emphasis added.)

derivative only in the sense that it derives from the wrongful act causing the death, rather than from the person of the deceased." Deggs, 186 Wn.2d at 721 (quoting Johnson v. Ottomeier, 45 Wn.2d 419, 423, 275 P.2d 723 (1954). "While the wrongful death statute exists for the benefit of the deceased's family, it is not completely separate from actions the deceased could have brought during life. These two types of actions are intertwined with each other and have consequences on each other." Deggs, 186 Wn.2d at 722.

A wrongful death action accrues "'at the time the decedent's personal representative discovered, or should have discovered, the cause of action'" Deggs, 186 Wn.2d at 721 (quoting White v. Johns-Manville Corp., 103 Wn.2d 344, 352-53, 693 P.2d 687 (1985). Thus, unlike a survival action that accrues when the deceased is first injured, a wrongful death action does not ordinarily accrue until their death. However, since the wrongful death statute was enacted in 1875, our Supreme Court has substantially limited the availability of wrongful death actions where the deceased took action post injury, but prior to their death.

Beginning with Brodie v. Washington Water Power Co., 92 Wash. 574, 576, 159 P. 791 (1916), the court held "that a release and satisfaction by the person injured of his right of action for the injury bars the right in the beneficiaries to maintain an action for his death occasioned by the injury." In Brodie, the injured person, Brodie, had settled his underlying personal injury case during his lifetime and released all claims. As a consequence, the court affirmed dismissal of his heirs' subsequent wrongful death action "because of something extrinsic to injury that resulted in their family member's death: the deceased's decision to release the defendant and thus the lack of a

subsisting cause of action at the time of death." Deggs, 186 Wn.2d at 724; Brodie, 92 Wash. at 576.

In Calhoun v. Wash. Veneer Co., 170 Wash. 152, 15 P.2d 943 (1932), the court further limited wrongful death actions through a general procedural, extrinsic limitation: the statute of limitations of the decedent's underlying cause of action. The court concluding that a wrongful death action is not available if the statute of limitations on the underlying claim had run before the deceased died. Calhoun, 170 Wash. at 159-60. The court then elaborated and refined the Calhoun reasoning in Grant. The Grant court recognized that a wrongful death "action accrues at the time of death, and that the statute of limitations then begins to run." Grant, 181 Wash. at 581. But the court concluded that "[t]he rule . . . is subject to a well-recognized limitation; namely, at the time of death there must be a subsisting cause of action in the deceased." Grant, 181 Wash. at 581. The Supreme Court once again reiterated this limitation on subsequent wrongful death actions in Johnson.

More recently, our Supreme Court was asked to overrule Grant, Calhoun, and Johnson, "to the extent they hold that the lapsing of the statute of limitations on the underlying personal injury claim bars the personal representative from bringing a wrongful death claim." Deggs, 186 Wn.2d at 727. While the court recognized that Grant and Calhoun, "may have been incorrect at the time they were announced," a majority, over a vigorous dissent, declined to overrule the prior precedents. Deggs, 186 Wn.2d at 728-729. The court again confirmed that "a wrongful death action 'accrues at the time of death' so long as there is a subsisting cause of action in the deceased' at the time of death, subject to exceptions." Deggs, 186 Wn.2d at 732-33 (quoting Grant, 181

Wash. at 581). The court further confirmed that one of the exceptions to the general rule arises where, "'after receiving the injuries which later resulted in death, the decedent pursued a course of conduct which makes it inequitable to recognize a cause of action for wrongful death.'" Deggs, 186 Wn.2d at 726 (quoting Johnson, 45 Wn.2d at 422-23). Relative to the case before us, the Deggs court reiterated that the inequitable "postinjury category of extrinsic limitations on the availability of the wrongful death actions includes prior litigation, prior settlements, and the lapsing of the statute of limitations." Deggs, 186 Wn.2d at 726.

### Claim Against Brand

The estate argues that because the statute of limitations on her claim against Brand had not expired prior to her death, because she had not settled or released claims against Brand, she had a subsisting cause of action at the time of her death and the estate is not foreclosed from an action for wrongful death. While we agree that Barbara had a subsisting cause of action at the time of her death, because Barbara engaged in post injury prior litigation against Brand, our Supreme Court's equitable exception applies and forecloses the estate's wrongful death action against Brand.

The estate contends that even if actions in life can foreclose a wrongful death claim, no Washington court has specifically held that a final judgment on a personal injury action is the type of conduct that extinguishes a future wrongful death claim brought by statutory beneficiaries. While the estate is correct that this is the first case specifically addressing this issue, the answer is embedded within many of our prior Supreme Court's decisions. For example, in Brodie, the court stated "a release by the party injured of his right of action, or a recovery of damages by him for the injury is a

-9-

complete defense" in a wrongful death action. 92 Wash. at 576 (emphasis added).

Then in Grant, the court concluded that an action for wrongful death is extinguished by "well-recognized" exceptions including "a judgment in his favor rendered during his lifetime." Grant, 181 Wn. at 581 (citing Littlewood v. Mayor, etc., of N. Y., 89 N. Y. 24, 42 Am. Rep. 271 (1882) and Hecht v. Ohio & Mississippi Ry. Co., 132 Ind. 507, 32 N. E. 302 (1892)). And most recently, in Deggs, the court reiterated that the "postinjury category of extrinsic limitations on the availability of the wrongful death action includes prior litigation, prior settlements, and the lapsing of the statute of limitations." Deggs, 186 Wn.2d at 726 (emphasis added).[4]

The estate argues finally, that the Supreme Court's inclusion of "prior litigation" in its list of equitable reasons to foreclose wrongful death actions is dicta because it is irrelevant to the final holdings in those cases. The estate is correct that in Brodie the court was considering whether the claim was barred by a settlement and release of all claims, and Grant and Deggs were considering whether the claim was barred because the statute of limitations had run on the personal injury suit. Brodie, 92 Wash. at 574; Grant, 181 Wn. at 580; Deggs, 186 Wn.2d at 733. But while these cases did not dismiss the wrongful death claims due to "prior litigation," each specifically listed "prior litigation" among those events that would extinguish "a subsisting cause of action" in the deceased. Grant, 181 Wash. at 581; Deggs, 186 Wn.2d at 732-33. Thus, even if the inclusion of "prior litigation" was dicta, we cannot simply ignore the clearly stated intent

---

[4] The accompanying footnote stated that in Johnson, the court held "there was something inequitable in allowing the deceased's personal representative to maintain a suit based on injuries that the deceased had already been compensated for or had decided not to pursue." Deggs, 186 Wn.2d at 743 n.6.

of our Supreme Court to include "prior litigation" as an equitable limitation on the availability of a wrongful death claim.

Because Barbara successfully pursued "prior litigation" against Brand, dismissal of the estate's wrongful death action against Brand was appropriate under Deggs.

### Claims Against CBS and Parsons

Unlike with Brand, however, none of the postinjury equitable limitations are present to preclude the estate's wrongful death claims against CBS and Parsons. Barbara's claims against CBS and Parsons were not barred by the statute of limitations. Nor had she settled, released, or brought previous litigation against CBS and Parsons. Because Barbara had a subsisting cause of action against CBS and Parson at the time of her death, the estate is not barred from its wrongful death claims.

CBS argues that the estate's claims should be barred by the rule against claim splitting or res judicata. Under the doctrine of res judicata, a plaintiff is barred from litigating claims that either were, or should have been, litigated in a former action. Schoeman v. New York Life Ins. Co., 106 Wn.2d 855, 859, 726 P.2d 1 (1986). "Dismissal on the basis of res judicata is appropriate where the subsequent action is identical with a prior action in four respects: (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made." Landry v. Luscher, 95 Wn. App. 779, 783, 976 P.2d 1274 (1999). The parties do not have to be identical in both suits, although "there must be at least privity between a party to the first suit and the party to the second suit." Landry, 95 Wn. App. at 783-84. Because there is no evidence that CBS or Parsons were in privity with Brand or any other entity involved in Barbara's personal injury action res judicata does not apply.

-11-

CBS and Parsons also argue that allowing the estate's wrongful death claims to go forward creates the potential risk of "double recovery" and "inconsistent results." Both arguments fail. While this court recognized in Deggs the risk of double recovery as one reason for barring a wrongful death claim when the party has already received a prior judgment, that policy is intended to protect a specific defendant that had already been sued. Deggs, 188 Wn. App. at 510. Because the estate's wrongful death damages are distinct from those in Barbara's personal injury action, the risk of double recovery does not exist. Allowing the parties to pursue a wrongful death claim also would not risk inconsistent results. As Parsons and CBS are not in privity with Brand, Barbara's heirs will have to prove their negligence separately, thus there is no prior result with which to be inconsistent.

Finally, CBS and Parson cite Ueland v. Reynolds Metals Co., 103 Wn.2d 131, 136, 691 P.2d 190 (1984), for the proposition that Barbara's children were required to join their loss of consortium claims with Barbara's personal injury action. In Ueland, our Supreme Court, for the first time, recognized an independent cause of action for loss of parental consortium resulting from nonfatal injuries. In reaching its decision, the court addressed the injustice of denying a consortium claim to a child still reliant upon their parent for physical and emotional care, financial support, and guidance. Ueland, 103 Wn.2d at 134-35. The court noted the incongruity that Washington, at the time, recognized a wrongful death loss of parental consortium right of action, but not for consortium loss resulting from parental injury. Ueland, 103 Wn.2d at 134.

In holding that children should be permitted to recover for loss of parental consortium in cases where the parent is injured, but not killed, the court held that a

child's claim for loss of parental consortium must be joined with the injured parent's claim whenever feasible. Ueland, 103 Wn.2d at 137. Critically, the Ueland court did not explicitly or implicitly consider or require joinder of a loss of consortium wrongful death claim with a parent's action for personal injury that subsequently culminates in death. Ueland does not address claims for loss of parental consortium brought as part of a wrongful death claim, and we decline to extend its ruling here.

In conclusion, recognized limitations to wrongful death claims bar the estate's claim against Brand, and the trial court did not err in dismissing this claim. However, because Barbara has a "subsisting cause of action" against both Parsons and CBS, the trial court erred in dismissing these claims.

We reverse and remand for reinstatement of the actions against CBS and Parsons.

Mann, A.C.J.

WE CONCUR:

Cox, J.

-13-