**DEMOS, Admr v FREEMAS, Gdn et**

Ohio Appeals, 2nd Dist, Franklin Co

Decided Oct 14, 1931

Booth, Keating, Pomerene & Boulger, Columbus, for plaintiff in error.

Williams, Sinks & Williams, Columbus, for defendants in error.

HORNBECK, J.

The statutes under which the action is instituted and upon which it rests are §§10770 and 10772, GC (103 Ohio Laws, 116), which, in so far as pertinent here, read:

Sec 10770 GC. "When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, * * * the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances which make it in law murder in the first or second degree, or manslaughter."

Sec 10772 GC. "Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused."

It is well recognized that the recovery provided by the statutes was unknown at common law, and without such statute no such action would lie for death resulting from personal injury caused by wrongful act, neglect, or default. **Davis v Justice, 31 Oh St, 359, 362, 27 Am. Rep., 514; B. & O. Rd. Co. v Hottman, Admx., 1 C. C. (N.S.), 17, 22, 15 C.D., 140,** and **Wolf, Admr., v Lake Erie & Western Ry. Co., 55 Oh St, 517,** in which case Judge Burket, rendering the opinion, said at page 527, 45 NE, 708, 709, 36 L.R.A., 812: "The action was brought under §§6134, 6135, Rev. St. (now the sections above quoted). At common law such an action could not be maintained. The action, being the creature of the statute, must be governed by the statute."

We then must be controlled by the terms of the statute, and it seems to us that the case can be disposed of within the confines of the quoted sections.

The statute appears to be broader than authority for an action in tort only, and the language "death caused by wrongul act" is flexible enough to contemplate death which may have been the result of a degree of homicide above manslaughter. Therefore, the cases in which the husband has been denied the right of action against the wife for tort growing out of negligence, and vice versa, are not controlling.

But because another proposition is determinative it is not necessary to decide whether or not the wife could have maintained her action against the husband had she survived.

In our judgment §10772 GC, in express terms denies the right in this case of the next of kin to be the recipients of the proceeds of a judgment under §10770, GC. The statute says that "such actions shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused." Inasmuch as the avails are for the exclusive benefit of the husband, and only to the next of kin if there be no husband, then under the statute the next of kin could not maintain this action.

Granting that, though not alleged, the proof in this case might disclose murder in some degree, then the husband would not be barred from inheriting from his wife.

The weight of authority is to the effect that in the absence of a statute providing that murderers shall not inherit the property of their victims the courts cannot except murderers from the operation of the statutes of descent. The Bill of Rights of Ohio provides that "no conviction shall work corruption of blood or forfeiture of estate." 14 Corpus Juris, 172. Ohio is in accord with the weight of authority. **Malinda Deem v Risinger, 27 W.L.B., 156, 11 Dec. Rep. 492,** affirmed without opinion, **Deem v Milliken, 53 Oh St, 668, 44 NE, 1134.**

As the general provision of the law of descent and distribution would not have affected the right of the husband to take, though a murderer of his wife, a fortiori he would not be so disqualified under a special statute reciting that it is for his exclusive benefit. We have a new provision in our Code, effective January 1, 1932, §10503-17, GC, 114 Ohio Laws, 342, however, which only prevents a murderer inheriting from his victim if finally adjudged guilty of murder in the first or second degree. This section, which is humane and progressive, has no application to our question.

The insanity of defendant is without effect in this case one way or another. The fact that he was adjudged insane subsequent to the killing would afford no legal presumption that he was insane at the time of the killing, and if it merely appeared that he was insane at the time of the killing it could not be said as a matter of law that he would be absolved from answering to an action in damages under the statute invoked.

We are unanimously of the opinion that under the statutes controlling this action the plaintiff cannot proceed.

The judgment of the trial court will be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.