[No. 25428.   Department One.   July 24, 1935.]

GLADYS M. RYAN, *as Administratrix, Appellant,* v.
FRANK L. POOLE *et al., Respondents.*[1]

*Vanderveer & Bassett* and *J. W. Selden,* for appellant.

*S. A. Gagliardi,* for respondents Poole *et al.*

*E. N. Eisenhower,* for respondent Zurfluh.

MAIN, J.—The plaintiff brought this action to recover damages for wrongful death. To the amended complaint, which will be referred to as the complaint, a demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, was interposed and sustained. The plaintiff refused to plead further and elected to stand upon the complaint, and from the judgment dismissing the action appeals.

The facts, as stated in the complaint, may be summarized as follows: The appellant is the widow and

[1]Reported in 47 P. (2d) 981.

the duly appointed, qualified and acting administratrix of the estate of Emmett C. Ryan, deceased, and as such brings this action on behalf of herself and her minor daughter. The respondents are a number of corporations, individuals and copartnerships engaged in the business of selling milk and other dairy products in Pierce county, this state.

It is alleged that, for the unlawful purpose of limiting competition in their business and controlling prices of their products, the respondents organized themselves as a voluntary association under the name of the Tacoma Milk Distributors Association and employed the respondent Frank L. Poole as manager of such association. In furtherance of the purposes of the Tacoma Milk Distributors Association, Poole, acting in his capacity as manager thereof, employed Emmett C. Ryan, deceased, to follow the milk delivery trucks of the Delicious Dairy on its delivery routes and thereby learn the names and addresses of the customers, and to solicit such customers of the Delicious Dairy to transfer their business to one of the respondents. Ryan, in the capacity in which he was employed, was to dynamite the premises of the Delicious Dairy and destroy its delivery trucks and their contents, and

". . . more specifically did employ said Ryan to waylay one Jack Anderson near the Miller Ranch in the vicinity of Fife, Pierce county, Washington, where said Jack Anderson was to secure milk for said Delicious Dairy; and to take possession of his truck and to run the same with its contents into the Puyallup River notwithstanding the fact that the defendants well knew that as a result of other depredations committed by the defendants against said Delicious Dairy and its property, the employers of said dairy, and particularly the said Jack Anderson, had armed themselves with revolvers and other weapons for the purpose of resisting, and defending themselves and the property

of said dairy against such unlawful acts. That on the 13th of November 1932, pursuant to said employment said Emmett C. Ryan did attempt to waylay Jack Anderson and take possession of his truck for the purposes aforesaid, and as a natural and proximate result said Jack Anderson, acting in the lawful defense of his person and property, shot and killed Emmett C. Ryan.''

As already indicated, the appellant, as administratrix of the estate of her deceased husband, brought this action on behalf of herself and minor daughter for damages.

The common law gave no right of action for wrongful death. In England, as well as throughout the United States, the subject is controlled by statutes, which vary some in their provisions. Lord Campbell's Act (9-10 Victoria 1846) was the first that gave a right of action for wrongful death. It provided that, whensoever the death of a person should be caused by wrongful act, neglect or default, ''and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof,'' then and in every such case the person who would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured.

Rem. Rev. Stat., § 183 [P. C. § 8259], which is the wrongful death act, provides that, when the death of the person is caused by the wrongful act, neglect or default of another,

''. . . his personal representatives may maintain an action for damages against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony.'' .

It will be observed that there is no provision in this act like that quoted from Lord Campbell's Act, which states that the act, neglect or default must be such that would, if death had not ensued, entitle the party injured to maintain an action for damages for injuries which he had sustained. In construing the act of this state, the Federal circuit court of appeals for the ninth circuit, in the case of *Northern Pac. R. Co. v. Adams,* 116 Fed. 324, held that the right of the heirs or personal representatives of a person, whose death was caused by the wrongful act, neglect or default of another, to recover damages was not dependent upon the right of the deceased to maintain an action for his injuries had he survived the act which caused his death. That court was of the view that there was a material distinction between the statute of this state and Lord Campbell's Act by reason of the fact that the act of this state did not contain the above quoted provision from Lord Campbell's Act. That case, however, was taken to the Federal supreme court for review (*Northern Pac. R. Co. v. Adams,* 192 U. S. 440, 24 S. Ct. 408), and that court disapproved of the holding of the circuit court of appeals and held that, under the statute of this state, the heirs or personal representatives can only recover damages if the injured person could have recovered had he not been killed. In the course of the opinion of the Federal supreme court, it was said:

"The two terms, therefore, wrongful act and neglect, imply alike the omission of some duty, and that duty must, as stated, be a duty owing to the decedent. It cannot be that, if the death was caused by a rightful act, or an unintentional act with no omission of duty owing to the decedent, it can be considered wrongful or negligent at the suit of the heirs of the decedent. They claim under him, and they can recover only in

case he could have recovered damages had he not been killed, but only injured. The company is not under two different measures of obligation—one to the passenger and another to his heirs. If it discharges its full obligation to the passenger, his heirs have no right to compel it to pay damages.''

It is the general rule, under the wrongful death statutes of the various states, and it is the holding of this court, that such a statute creates a new cause of action and is not a survival statute, and that the measure of damages which the heirs or personal representatives could recover is different from that which the person killed could have recovered had he survived the injury and brought an action for damages. It is also generally held, and the decisions of this court are to the same effect, that, if a deceased could not have recovered damages for his injury had he survived, his heirs or personal representatives cannot recover, because their right of recovery is dependent upon the right which the deceased would have had had he survived. If the deceased had no cause of action, none accrues to his heirs or personal representatives.

In 8 R. C. L. 745, it is said:

''Under Lord Campbell's Act, and also by express provision of most of the statutes in this country based thereon, it is essential to the maintenance of an action for death caused by wrongful act or negligence, that the wrongful act, negligence, carelessness, unskilfulness or default must be of such a character as would, if death had not ensued, have entitled the person injured to maintain an action and recover damages in respect thereof. This limitation on the right of action is usually held to exist even if not expressly imposed by the statute. If the deceased never had a cause of action none accrues to his representative or next of kin. Under this provision anything that would prevent the person injured, if living, from recovering damages, will prevent a liability for damages from

arising against the person or corporation causing the injury where such injury results in death."

In 17 C. J. 1200, it is said:

"Under a majority of the statutes, either by express provision or by necessary implication, the act or omission resulting in death, in order to support an action, must be such as would have supported an action by deceased for the injury to him, if death had not resulted. This is obviously so in the case of statutes merely providing for a survival of the cause of action of the decedent, but it is equally true under statutes of the type of Lord Campbell's Act, whether they are construed to create a new cause of action, or to provide only for a survival or transmitted action."

As already indicated, the question appears to have been definitely settled in this state. In *Welch v. Creech,* 88 Wash. 429, 153 Pac. 355, L. R. A. 1918A 353, it is said:

"And it seems clear from the wording of the statute that it was intended that, where death is caused by a wrongful act, or by negligence, that is, a tortious act, the heirs or personal representatives may maintain the action where the deceased might have maintained it had he lived."

In *Ostheller v. Spokane & Inland Empire R. Co.,* 107 Wash. 678, 182 Pac. 630, it was held that, under section 183 of the code, no recovery could be had by the heirs or personal representatives where the deceased could not have recovered for his injuries had he survived. It was there said:

"We regard it as well settled law that, while this is not a statute providing for the survival of a cause of action possessed by the deceased for recovery for injuries resulting in his death, but is a statute giving to the heirs a new right of action not recognized by the common law, it nevertheless gives a right of action to the heirs of the deceased which is dependent upon the right the deceased would have to recover for such in-

juries up to the instant of his death. In other words, dependent upon the right of the injured person to maintain an action for the damage resulting from his injury, had he survived. And this, we think, is the law governing the rights of the heirs, whether the statute expressly so provides or not. It appears that the original Lord Campbell Act did so provide in express terms, as does several of the state statutes of this country; while our statute, above quoted, those of the several states, and the Federal employers' liability act, do not so provide in express terms. The words 'wrongful act or neglect,' used in statutes of this nature in defining the quality of the act causing the injury and death, it seems to be universally agreed by the courts, mean wrong or neglect as against the deceased; that is, in the sense that the deceased could have recovered damages for the injury resulting in his death.''

Inquiry must then be directed in this case as to whether the deceased, Emmett C. Ryan, had he survived his injury, could have maintained an action for damages therefor.

Under the facts stated in the complaint, which, for the purposes of this action, must be accepted as true, the deceased was employed to do an unlawful and criminal act or acts, and, while in the course of such employment, met his death at the hands of another whose rights he was invading and against whom he was committing a criminal act. The general rule is that the courts will not aid either party in litigation growing out of criminal acts. *Androws v. Coulter,* 163 Wash. 429, 1 P. (2d) 320; *Higgins v. McCrea,* 116 U. S. 671, 6 S. Ct. 557. Had Emmett C. Ryan survived his injury and brought an action therefor, it is clear that he could not have prevailed, because, at the time of the injury, he was engaged in the performance of an unlawful and criminal act.

The right of the appellant to recover being dependent upon the deceased's right, had he survived, it

necessarily follows that the demurrer to the complaint was properly sustained. This may be measuring the rights of the heirs and personal representatives by the personal disability of the deceased, had he survived, but, if it be so, it is a conclusion which the settled law requires.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.