The **FIRST NATIONAL BANK AND TRUST COMPANY OF WAYNESBORO, PENNSYLVANIA, as Administrator of the Estate of Ellen Jordan Couch, Appellant,**

v.

**UNION BANK AND TRUST COMPANY OF MT. HOLLY, NEW JERSEY, as Guardian for John Steven Couch, et al., Appellees.**

No. 25109.

United States Court of Appeals
Fifth Circuit.

June 13, 1968.

Heyward Vann, Roy M. Lilly, Thomasville, Ga., for appellant.

Marcus B. Calhoun, Frank L. Forester, Thomasville, Ga., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This is an appeal by the administrator of the estate of the deceased mother of plaintiffs, her two sons, from judgments rendered on jury verdicts in their favor against the administrator. Their suits against the administrator were premised on the alleged gross negligence of their mother in the operation of a vehicle which collided with another vehicle, proximately causing personal injuries to plaintiffs. The sons were passengers in the vehicle being driven by their mother. Their father was also a passenger. The mother and father were killed in the collision.

In Union Bank and Trust Company of Mt. Holley, New Jersey v. First National Bank and Trust Company of Waynesboro, Pennsylvania, 5 Cir., 1966, 362 F.2d 311, we reversed summary judgments which had been rendered in favor of the administrator. The judgments were based on the ground that children were proscribed by Georgia public policy from suing a parent. Our reversal was based on the fact that the mother's estate would not be depleted in view of liability insurance coverage. The recovery, if any, was not to exceed the limits of insurance coverage. On remand, the cases were tried to a jury and verdicts were rendered in favor of each of the sons.

The first assignment of error is whether it was improper to disclose the fact of the liability insurance to the jury through reference by counsel for plaintiffs in his opening statement to the pleadings, or by the court in charge. The administrator contends that its motion for mistrial, based on the disclosure by counsel, should have been granted. This contention is without merit. The fact of the insurance was the basis for the suits. This basis was a part of the pleadings. It was not improper for counsel for plaintiffs to assert the basis in his opening statement and it was not improper, for the court to again mention the fact of liability insurance coverage by way of a cautionary instruction. Cf. Barbre v. Scott, 1947, 75 Ga.App. 524, 532, 43 S.E.2d 760.

The administrator also contends that the court erred in giving Georgia Code §§ 68–1635 and 68–1637 to the jury in charge. The propriety of this activity on the part of the District Court depends on whether these code sections were adjusted to the contentions of the plaintiffs and to the facts. Plaintiffs relied on both code sections to establish negligence. Section 68–1637 was clearly adjusted to the facts. Whether § 68–1635

is adjusted to the facts presents a close question but, on balance, we conclude that the facts would sustain giving it in charge.

Affirmed.