[No. 2590-3.   Division Three.   June 26, 1979.]

JOSHUA DEAN SISLER, ET AL, *Appellants,* v. EDWARD SEEBERGER, ET AL, *Respondents.*

ROE, J., concurs by separate opinion.

*Pat Cockrill, Hovis, Cockrill & Roy, Michael Schwab,* and *Porter, Schwab, Royal & Edmondson,* for appellants.

*Norman R. Nashem, Nashem, Prediletto, Schussler & Halpin, G. Thomas Dohn,* and *McArdle, Dohn, Talbott & Campbell,* for respondents.

GREEN, C.J.—Plaintiffs are the guardian ad litem and the personal representative of three children, two of whom were injured and one of whom was killed in a single–car accident involving a vehicle driven by their mother. The mother was also killed in the accident, and the plaintiffs sued her estate for personal injuries and wrongful death. They subsequently joined as defendants the owners of the vehicle, Mr. and Mrs. Merlich, who are also the children's great–grandparents. The basis for the joinder was the plaintiffs' allegation that the mother was acting as an agent for the Merlichs at the time of the accident. The trial court granted summary judgment in favor of all the defendants. We reverse.

The sole issue presented by this appeal is whether the doctrine of parental immunity bars the action for or on behalf of the children under the facts of this case.

Those facts are: Jackie Sue Sisler was the mother of three minor children, Rebecca, Joshua, and Theresa. She had exercised primary care, custody, and control of these children since the time of her divorce from the children's father. On April 2, 1976, as she was driving a motor vehicle owned by her grandparents, Basil and Ruth Merlich, she lost control of the car and pitched down an embankment at the side of the highway. Mrs. Sisler was killed in the accident, as was her eldest daughter, Rebecca. Her other children, Joshua and Theresa, were also passengers in the vehicle and suffered severe personal injuries. Based on

these circumstances, the trial court dismissed the plaintiffs' action on the ground that it was barred by the parental immunity doctrine. That doctrine, with certain exceptions, prevents a child from suing his parent.

The trial court relied upon *Stevens v. Murphy,* 69 Wn.2d 939, 421 P.2d 668 (1966), where the court applied the doctrine of parental immunity and affirmed the dismissal of the minor plaintiffs' action against their father for personal injuries suffered in an automobile collision. The complaint alleged gross negligence on the part of the father, who was the driver of the vehicle in which they were passengers. All of the parties *survived* the accident. In the words of the *Stevens* court, at page 945, the narrow issue presented by that case was:

> Assuming, for the purposes of this opinion only, that the respondent [father] was grossly negligent in operating his vehicle at the time of the accident, the question before us becomes: Is respondent immune from suit brought against him by his natural children *under the facts and in the circumstances of this case?*

(Italics ours.) While the court recognized its prior adoption of certain exceptions to the immunity rule, it concluded that the facts of *Stevens* did not fit within any of those exceptions.

■ The instant case and *Stevens* are distinguishable. In *Stevens,* the parent and the children survived. Since the parent–child relationship continued in that case, the policies underlying the parental immunity doctrine, parental authority and familial tranquility, were present and were furthered by barring the action. Here, the parent is dead and the relationship is thus severed. As a result, there is no parental authority or familial tranquility to be preserved. Therefore, we do not believe that the immunity doctrine was designed to apply to this situation. This is particularly so where, as in the instant case, *all* of the parent's minor children are parties to the action and no single one of them can deplete the mother's entire estate to the detriment of the remaining children. In these limited circumstances, we

hold that plaintiffs' action is not barred by the parental immunity doctrine.

While no Washington case is directly on point, *Johnson v. Ottomeier,* 45 Wn.2d 419, 275 P.2d 723 (1954); and *Hoffman v. Tracy,* 67 Wn.2d 31, 406 P.2d 323 (1965), provide support by analogy for this additional exception to the immunity rule. *Johnson v. Ottomeier, supra,* was decided prior to *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972), which abrogated the doctrine of interspousal immunity. In *Johnson,* the court allowed the estate of the wife to maintain a wrongful death action for the benefit of the children against the estate of the husband where the husband had murdered the wife and immediately thereafter committed suicide. The *Johnson* court reasoned that the wife's disability to sue was personal to her and, hence, was not transferable to the personal representative who had a new cause of action. *Johnson v. Ottomeier, supra* at 424. The court also predicated its decision on the ground that the reasons for interspousal immunity, *i.e.,* the supposed unity of the husband and wife and the public policy of preserving peace and tranquility in the home, no longer exist when one spouse is dead. Likewise, we see no cause to transfer the mother's personal immunity to her estate in this case, especially where the reasons for the parental immunity doctrine are not furthered thereby.

In *Hoffman v. Tracy, supra,* the court held that parental immunity could not shield a parent who had temporarily abdicated his parental responsibilities by driving while intoxicated and thereby causing an injury to his child. Here, the duties and responsibilities of Mrs. Sisler as a parent were not merely abdicated; they were totally and permanently severed by her death. As in *Hoffman,* no policy dictates that the mother in the instant case, through her estate, should be immune from suit.

Of the jurisdictions which have considered the question, it appears that a majority have found an exception to the parental immunity doctrine. where either the child or parent or both are dead. Annot., *Liability Of Parent For*

*Injury To Unemancipated Child Caused By Parent's Negligence,* 41 A.L.R.3d 904, 943–51, § 8(a), (b), (c) (1972). The rationale of these decisions is similar to that utilized here. Where both parent and child are deceased, *see, e.g., Dennis v. Walker,* 284 F. Supp. 413 (D.D.C. 1968); *Brinks v. Chesapeake & Ohio Ry.,* 295 F. Supp. 1318 (W.D. Mich. 1969) (applying Michigan law). Where only the parent is deceased, *see, e.g., Union Bank & Trust Co. v. First Nat'l Bank & Trust Co.,* 362 F.2d 311 (1966), *later appealed,* 396 F.2d 795 (5th Cir. 1968) (applying Georgia law and holding that the immunity doctrine is abrogated to the extent of insurance coverage); *Thurman v. Etherton,* 459 S.W.2d 402 (Ky. Ct. App. 1970); *Brennecke v. Kilpatrick,* 336 S.W.2d 68 (Mo. 1960); *Dean v. Smith,* 106 N.H. 314, 211 A.2d 410 (1965) (decided before abrogation of the parental immunity doctrine in *Briere v. Briere,* 107 N.H. 432, 224 A.2d 588 (1966)); *Palcsey v. Tepper,* 71 N.J. Super. 294, 176 A.2d 818 (1962); *Parks v. Parks,* 390 Pa. 287, 135 A.2d 65 (1957); and *Johnson v. Myers,* 2 Ill. App. 3d 844, 277 N.E.2d 778 (1972). Where the child is deceased, *see, e.g., Hale v. Hale,* 312 Ky. 867, 230 S.W.2d 610 (1950).

In light of our disposition of the parental immunity issue with respect to the action against the mother's estate, the summary judgment in favor of the Merlichs must also be reversed. Material issues of fact remain to be decided on the question of the mother's status as the Merlichs' alleged agent.

Reversed.

McInturff, J., concurs.

Roe, J. (concurring specially)—Thirteen years ago *Stevens v. Murphy,* 69 Wn.2d 939, 421 P.2d 668 (1966), a case squarely in point factually, held that parental immunity as to this type of action had not been abrogated in Washington. That holding has not been modified by the legislature nor the Supreme Court in the intervening time. The majority does not seek to reverse or distinguish that

case, which would compel affirmance, except to point out that in the case at bench, the mother (alleged tort–feasor) died in the same accident. Since the parental defense was personal to the divorced parent mother, under the rationale of *Johnson v. Ottomeier,* 45 Wn.2d 419, 275 P.2d 723 (1954), that personal defense expired with the mother and does not survive to her personal representative. I can agree with that very narrow result, even though there are considerations in intrafamily immunity not present in spousal immunity. Thus, there may be a very limited action for wrongful death and injuries by the children against their deceased parent.

I do not find *Hoffman v. Tracy,* 67 Wn.2d 31, 406 P.2d 323 (1965), which refers to abdication of parental responsibility, relevant.

I am troubled by the fact that the father of the children is a convicted felon who has not cared for or supported them, that he would be the sole beneficiary of the deceased child's estate, that he may seek to bring an action against the deceased mother's estate for the wrongful death of his minor child, even though he did not have custody, and exhaust the estate the surviving children might inherit from their mother. That precise issue is not before us at this time.

The extent of my concurrence is that the preclusive parental immunity of *Stevens v. Murphy, supra,* upon which the trial court based its conclusion, is personal to the parent and does not inhere in the tort; since she was killed in the same accident, her personal representative may not assert this defense.